UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY M. WALRATH,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM DOAN,<br><br>    Defendant. | No. 2:19-cv-0811 JAM DB PS<br><br><br>ORDER |

Defendant William Doan is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On May 8, 2019, defendant filed a notice of removal of this action from the Sacramento Superior Court along with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.)

Thereafter, plaintiff filed an amended motion to remand, and defendant filed a motion to strike and a motion to disqualify plaintiff's counsel. (ECF Nos. 6 & 10.) However, the court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). And jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Lack of subject matter jurisdiction may be raised by the court at any time during

1

the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

Here, it is apparent that the court lacks subject matter jurisdiction over this action. Accordingly, the undersigned will recommend that defendant's motion to proceed in forma pauperis be denied and that this matter be summarily remanded to the Sacramento County Superior Court. In light of these recommendations, plaintiff's amended motion to remand, defendant's motion to strike, and defendant's motion to disqualify are denied without prejudice to renewal and the hearings associated with those motions are vacated.

In this regard, federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

And it is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)); see also Provincial

////

2

Gov't of Martinduque, 582 F.3d at 1087. Where the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, defendant asserts that the court has federal question jurisdiction over this action because "the main issue, pleaded in the cross-complaint, involves a federal issue under 42 U.S.C. § 1985(2)." (ECF No. 1 at 3.) However, "removal jurisdiction must be disclosed on the face of the plaintiff's complaint[.]" Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998). "To hold otherwise would unduly grant a defendant the power to manipulate removal jurisdiction once in federal court, despite overwhelming authority proscribing same." Id. Thus, "[r]emoval . . . cannot be based on a counterclaim or cross-claim raising a federal question." Redevelopment Agency of City of San Bernardino v. Alvarez, 288 F.Supp.2d 1112, 1115 (C.D. Cal. 2003). The complaint in this action asserts only a state law claim for breach of contract. (ECF No. 1 at 18.)

Defendant also asserts that the court has diversity jurisdiction over this action. (Id. at 2.) The notice of removal, however, fails to allege the citizenship of either plaintiff or defendant. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."). Instead, the notice of removal asserts simply that plaintiff "is the citizen of another state outside of California, unbeknown to Defendant/Cross-Complainant" and is silent with respect to defendant's citizenship. (ECF No. 1 at 3.) The failure to specifically allege the parties' state citizenship is "fatal to Defendant['s] assertion of diversity jurisdiction."[1] Kanter, 265 F.3d at 858.

With respect to the amount in controversy, the complaint in this action was filed in small claims court and seeks only $12,200 in damages. (ECF No. 1 at 18.) "Generally, the amount in controversy is determined from the face of the pleadings." Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). Defendant contends that "[i]n the cross-complaint, the matter in controversy is one million Dollars[.]" (ECF No. 18 at 3.) However, "the near unanimous rule" is that counterclaims are not considered in determining the amount in controversy requirement for removal jurisdiction. Thrash v. New England Mut. Life Ins. Co., 534 F.Supp.2d 691, 696-97 (S.D. Miss. 2008); see also ING Bank, FSB v. Mikels, No. CIV S-11-2400 KJM CMK, 2012 WL 1028242, at *1 (E.D. Cal. Mar. 26, 2012) ("In determining the amount in controversy for purposes of removal jurisdiction, the court looks to the amount stated in the complaint, not at the value of possible counterclaims.").

For the reasons stated above, the undersigned finds that the defendant has failed to satisfy the burden of establishing that the court has jurisdiction over this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 7, 2019 amended motion to remand (ECF No. 5) is denied without prejudice to renewal and the July 12, 2019 hearing of that motion is vacated;

////

---

[1] In support of plaintiff's amended motion to remand, plaintiff has filed a declaration asserting that plaintiff has "been a resident of California since 1985." (Walrath Decl. (ECF No. 5-3) at 2.)

4

  2. Defendant's June 19, 2019 motion to strike (ECF No. 6) is denied without prejudice to renewal and the July 12, 2019 hearing of that motion is vacated; and

  3. Defendant's June 21, 2019 motion to disqualify counsel (ECF No. 10) is denied without prejudice to renewal and the August 2, 2019 hearing of that motion is vacated.

  Also, IT IS HEREBY RECOMMENDED that:

  1. Defendant's May 8, 2019 motion to proceed in forma pauperis (ECF No. 2) be denied; and

  2. This action be remanded to the Sacramento County Superior Court.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 8, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/walrath0811.rem.f&rs

5